980 F.2d 741
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Paul KEAS, Plaintiff-Appellant,
v.
The CITY OF ELK CITY, OKLAHOMA; Guy R. Hilton, Jr.,
Individually, and as Mayor and Commissioner for the City of
Elk City, Oklahoma; Basil Weatherly, Individually, and as
Commissioner for the City of Elk City; Ray Duffy,
Individually, and as Commissioner for the City of Elk City;
and George Easter, Individually and as Commissioner for the
City of Elk City, Defendants-Appellees.
 No. 91-6039.
 United States Court of Appeals, Tenth Circuit.
 Nov. 23, 1992.
 
 Before PAUL KELLY, Jr., Circuit Judge, and McWILLIAMS, Senior Circuit Judge, and BROWN, Senior District Judge.*
 ORDER AND JUDGMENT**
 McWILLIAMS, Senior Circuit Judge.
 
 
 1
 Paul Keas was sworn in as Ward 3 Commissioner of Elk City, Oklahoma on April 10, 1989. Under the City Charter of Elk City, a Commissioner is an elected officer who serves without compensation. Further, there are five Commissioners for Elk City, one of whom also serves as Mayor.
 
 
 2
 Article II, § 8 of the Elk City Charter provides as follows:
 
 
 3
 The Commission shall determine its own rules and order of business and keep a journal of its proceedings. It shall have the power to compel the attendance of absent members, may punish its members for disorderly behavior, and by vote of not less than four members, may expel a member for disorderly conduct or violation of its rules, but no member shall be expelled unless notified of the charge against him and given an opportunity to be heard in his own defense.
 
 
 4
 Shortly after assuming office, Keas became involved in a sharp and ongoing political controversy with the City Manager and the Chief of Police of Elk City. Stemming therefrom, the Commission, acting pursuant to Article II, § 8 of the Elk City Charter, served on Keas a written "Notice of Allegations" of misconduct on his part and advised him that a special meeting of the Commission would be held to examine these allegations, at which time Keas could appear and defend himself.
 
 
 5
 At the special meeting of the Commission Keas appeared with counsel. Affidavits from the City Manager and the Chief of Police were read into the record, to which Keas responded. At the conclusion of the hearing the four Commissioners voted to expel Keas from the Commission.
 
 
 6
 Keas then brought suit under 42 U.S.C. § 1983 in the United States District Court for the Western District of Oklahoma against the City of Elk City and the four Commissioners, alleging that the defendants, acting under the color of state law, violated his constitutional rights under the First and Fourteenth Amendments when they expelled him from the Commission. Specifically, Keas alleged that the defendants deprived him of property and liberty interests, without due process of law, as required by the Fourteenth Amendment, and further, that the defendants violated his First Amendment rights.
 
 
 7
 By answer, the defendants denied liability and subsequently filed a motion for summary judgment. The district court granted the motion and entered judgment in favor of all defendants. Keas appeals. We affirm.
 
 
 8
 We believe that disposition of the present appeal is controlled by Mitchell v. King, 537 F.2d 385 (10th Cir.1976). In that case, Mitchell, an attorney, was appointed by the governor of New Mexico to serve a six-year term on the board of regents of the museum of New Mexico. Members of this board served without pay. Without going into great detail, differences thereafter arose between Mitchell and the president of the board, and those differences then caused controversy between Mitchell and the governor. As a result, the governor removed Mitchell from the board of regents, citing Article V, § 5 of the New Mexico Constitution which provides that the governor "may remove any officer appointed by him for incompetency, neglect of duty or malfeasance in office." Mitchell then sued the governor, and others, in the United States District Court for the District of New Mexico under 42 U.S.C. § 1983, claiming that his rights under the First, Fifth and Fourteenth Amendments had been violated by the defendants acting under the color of state law. On motion to dismiss under Fed.R.Civ.P. 12(b)(6), the district court dismissed Mitchell's complaint, holding that his removal from the board of regents did not deprive him of any federally protected property or liberty interests or violate any First Amendment right.
 
 
 9
 On appeal, we affirmed the district court's dismissal of Mitchell's complaint. In so doing, Judge Barrett spoke for the court, with Judges Breitenstein and Doyle specially concurring. However, as we read the concurring opinions of Judges Breitenstein and Doyle, concurring opinions in which Judge Barrett concurred in part, Judges Breitenstein and Doyle concurred in the central holding of the panel as expressed by Judge Barrett, namely that under the circumstances described in Mitchell's complaint, he had no property or liberty interest in the position in question which entitled him to relief under 42 U.S.C. § 1983 and that his removal as a regent was not violative of his right of free speech.***
 
 
 10
 In short, under the rationale of Mitchell v. King, supra, the judgment of the district court must be affirmed.
 
 
 11
 Judgment affirmed.
 
 
 
 *
 Honorable Wesley E. Brown, Senior District Judge, District of Kansas, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 ***
 The district court in Mitchell, having dismissed the federal claims, declined pendent jurisdiction. However, the district court did hold that Mitchell had no protected property interest in the office of regent by virtue of Article V, § 5 of the New Mexico Constitution, and on appeal we upheld that holding. In the instant case, the district court rejected Keas' contention that Article II, § 8 of the Elk City Charter violated provisions of the Oklahoma Constitution and that under the Oklahoma Constitution Keas had a property right in continuing as an unpaid City Commissioner. We are in accord with the district court's understanding of Oklahoma law that, if there was any conflict with provisions of the Oklahoma Constitution, the charter provisions controlled. See Dunham v. Ardery, 143 P. 331 (Okla.1914)